IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| MAKKO MARITIME, INC. AND ) | |
| ) | |
| DARR MARITIME, INC., ) | Civil Action No. 2:10-cv-02677-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | **PLAINTIFFS'** |
| vs. ) | **VERIFIED COMPLAINT** |
| ) | |
| NAVIG8 PTE, LTD. ) | |
| ) | |
| Defendant. | |

Plaintiffs Makko Maritime, Inc. and Darr Maritime, Inc. ("Makko and Darr" or, collectively, "Owners"), complaining of Defendant Navig8 Pte, Ltd. ("Navig8" or "Charterer"), allege and say as follows:

1. This is an action in admiralty, designated as such in accordance with Fed. R. Civ. Proc. 9(h) and for which subject matter jurisdiction is provided by 28 USC Section 1333(1). The claim is for maritime attachment and garnishment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, to secure and enforce pre-arbitration remedies as allowed in maritime transaction cases under Section 8 of the Federal Arbitration Act, 9 U.S.C.A. §1 *et seq*.

2. Plaintiffs are corporations organized and existing under the laws of the Republic of Liberia.

3. Plaintiff Makko is the owner of the vessel M/T PACIFIC TOURMALINE, a Liberian-flagged tanker of 45,018 deadweight tons bearing IMO No. 8717233.

4. Plaintiff Darr is the owner of the vessel M/T PACIFIC TURQUOISE, a Liberian-flagged tanker of 45,018 deadweight tons bearing IMO No. 8717189. The M/T PACIFIC

TOURMALINE and M/T PACIFIC TURQUOISE are sister ships and hereafter referred to, collectively, as the "Vessels" or "Ships."

5. Defendant Navig8 is a corporation organized and existing under the laws of the Republic of Singapore or other foreign country.

6. On or about May 29, 2007, Defendant entered into identical time-charter parties with each Plaintiff, in which Defendant agreed to charter each Vessel for a period of 24 months, plus or minus 30 days. Each time charter (collectively, the "Charter Parties") is a maritime transaction for purposes of Section 1 of the Federal Arbitration Act, 9 U.S.C.A. § 1. True and accurate copies of the fully executed Charter Parties are attached hereto as **Exhibit "A"**.

7. Under the terms of the Charter Parties, the Defendant was required to provide fuel for the Vessels, known as "bunkers."

8. Because the Defendant was responsible for the bunkers, provided under Clause 24 of each Charter Party, the Owners "guaranteed" to the Defendant that the Vessels would consume no more than 35 metric tons of bunkers per day, whether on ballast or laden voyages.

9. The parties further agreed to an efficiency incentive in the Charter Parties that would reward the Owners if the Vessels consumed, on average, less than the guaranteed daily maximum of bunkers. Specifically, Clause 24 (b)(ii) of the Charter Parties provided that, in the event the vessel "exceeds the performance guaranteed" under Clause 24, over the term of the charter hire, "an amount [of funds] equivalent to additional bunkers…saved…shall be…added to the [Charter] hire paid" to Owners. The value of the saved bunkers to be paid to Owners would be "based on the average price paid by Charterers for the vessel's bunkers in such period" as the Vessels were under hire.

10.     During the two years of the charter hire, the Vessels each exceeded the performance guaranteed by Clause 24 by burning, on average, substantially less than Owners' guaranteed limit of 35 metric tons of bunkers per day. The Owners have tabulated the savings in certain spreadsheets entitled "Time Charter Performance Calculations," true and accurate copies of which are attached hereto as **Exhibit "B."**

11.     Pursuant to Clause 24 (b)(ii) of the Charter Parties, the Defendant owes the Plaintiffs additional charter hire in the total amount of ONE MILLION THREE HUNDRED SEVENTY-EIGHT THOUSAND TWO HUNDRED NINETY-EIGHT AND 05/100THS (**$1,378,298.05**) DOLLARS.

12.     Following termination of the charter term, the Plaintiffs duly sent the Defendant a final charter hire statement for each Vessel and demanded, among other things, payment of the charter hire for the savings in bunkers.

13.     Defendant Navig8 has wrongfully and without good cause refused and failed to pay the Plaintiffs the aforesaid sum.

14.     Clause 47 of the Charter Parties provides that

> [t]his contract shall be governed and construed in accordance with English law.
>
> Any dispute arising out of or in connection with this contract shall be referred to Arbitration in London under the latest version of the London Maritime Arbitrators' Association ("LMAA") Terms (or, if the amount in dispute does not exceed US$50,000, the LMAA Small Claims Procedure) then in force, before a sole Arbitrator who shall be an LMAA full member….The language of the arbitration shall be English. The arbitration award shall be final and finding on the parties and may be enforced by any court having jurisdiction.

15. Clause 47 of the Charter Parties is a written provision in a maritime transaction to settle by arbitration a controversy thereafter arising out of such transaction, and is valid and enforceable under the Federal Arbitration Act.

16. The Plaintiffs are entitled to have the above-described dispute directed to arbitration in accordance with Clause 47 of the Charter Parties, with this Court retaining jurisdiction to enter its decree upon the awards issued therein, and are further entitled to security for the claims they seek to have arbitrated.

17. Navig8 cannot be found within this district.

18. Upon information and belief, the motor tanker M/T NAVIG8 STEALTH II, (IMO No. 9396713) is presently under bareboat charter to, and operated by, Navig8. The M/T NAVIG8 STEALTH II is, upon information and belief, currently berthed or soon to be berthed at the Kinder Morgan terminal, Berth No. 4, on Shipyard Creek, Charleston, South Carolina, within this district.

19. There are currently aboard the M/T NAVIG8 STEALTH II certain fuel oil bunkers (the "Bunkers") and lubricating and main engine cylinder oil (the "Lube Oil") which were, upon information and belief, acquired by Navig8, as charterer of the said M/T NAVIG8 STEALTH II, and are therefore the property of Navig8.

20. Plaintiffs are entitled, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and 9 U.S.C.A. § 8, to attachment and garnishment of the Bunkers and Lube Oil up to the amount of its claim for unpaid charter hire, to secure the Plaintiffs' claim for said hire pending arbitration of the same.

WHEREFORE, Plaintiffs Makko Maritime, Inc. and Darr Maritime, Inc. pray:

1. That process issue against Defendant Navi g8 Pte, Ltd. and that said defendant be cited to appear and answer the allegations of this Complaint;

2. That if the Defendant cannot be found within this distri ct, then all of its property within this district, including, w ithout limitation, the Bunkers and Lu be Oil, be attached in the sum of ONE MILLION TH REE HUNDR ED SE VENTY-EIGHT THOUS AND T WO HUNDRED NINETY- EIGHT AND 05/100THS ( **$1,378,298.05**) DOLLARS, t ogether with interest thereupon, custodial costs and process costs;

3. That the Defendant's property be sold under the direction of the Court and the proceeds of the sale brought into the Court;

4. That the Court, after iss uance, service a nd execution of the pr ocess herein, direct the parties to arbitration in accordance with the Charter Parties, and retain jurisdiction to enter its decree upon the award, all as provided by 9 U.S.C.A. § 8; and

5. That Plaintiffs m ay have such other a nd further relief as they m ay lawfully be entitled to receive.

BUIST MOORE SMYTHE MCGEE P.A.

s/ Ryan Gilsenan_____
Ryan D. Gilsenan, Fed. ID No. 9837
Julius H. Hines, Fed. ID No. 5807
Ashley Anne Kutz, Fed ID No. 10369
Five Exchange Street
P.O. Box 999
Charleston, SC  29402
(843) 722-3400

*ATTORNEYS FOR THE PLAINTIFFS*

October 15, 2010

Charleston, South Carolina

{01956763.}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| MAKKO MARITIME, INC. AND )<br>)<br>DARR MARITIME, INC., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>NAVIG8 PTE, LTD. )<br>)<br>Defendant. ) | Civil Action No. 2:10-_____<br><br>**VERIFICATION** |

Personally appeared before me Ryan D. Gilsenan, who, upon being duly sworn, deposes and says as follows:

I am a member of the firm of Buist Moore Smythe McGee, P.A. and am acting as the attorney for the Plaintiffs. I have read the foregoing Complaint and know the contents thereof and the same is true to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters, I believe them to be true.

The sources of my information and the grounds of my belief are the statements and documents furnished to me by officers, employees and outside counsel of the Plaintiff.

The reason this Verification is not made by the Plaintiff is that they are foreign corporations, none of the officers of which is now within this District.

_____
Ryan D. Gilsenan, Esquire

SWORN TO before me this
15th Day of October 2010

_Karla B. Koster_
Notary Public for South Carolina
My Commission Expires: 4-26-2014

{01956763.}                                6